## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KYUNTAE SANDERS,<br><br>                    Plaintiff,<br><br>    v.<br><br>ENTASIS THERAPEUTICS HOLDINGS INC.,<br>DAVID MEEK, MANOS PERROS, HEATHER<br>BERGER, HEATHER PRESTON, DAVID C.<br>HASTINGS, and HOWARD MAYER,<br><br>                    Defendants. | Civil Action No.<br><br>**COMPLAINT FOR VIOLATIONS<br>OF THE FEDERAL SECURITIES<br>LAWS**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kyuntae Sanders ("Plaintiff") by and through Plaintiff's undersigned attorneys, brings this action on behalf of Plaintiff, and alleges the following based upon personal knowledge as to those allegations concerning Plaintiff and, as to all other matters, upon the investigation of counsel, which includes, without limitation: (a) review and analysis of public filings made by Entasis Therapeutics Holdings Inc., ("Entasis" or the "Company") and other related parties and non-parties with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and other publications disseminated by certain of the Defendants (defined below) and other related non-parties; (c) review of news articles, shareholder communications, and postings on Entasis's website concerning the Company's public statements; and (d) review of other publicly available information concerning Entasis and the Defendants.

### NATURE OF THE ACTION

1.     Plaintiff brings this action against the Company and members of the Company's Board of Directors (the "Board" or the "Individual Defendants") for violations of Sections

14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and SEC Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Company's proposed transaction with Innoviva, Inc. ("Parent" or "Innoviva") (the "Proposed Transaction").

2.      On March 23, 2022, the Company entered into definitive agreement with Innoviva (the "Merger Agreement"). Pursuant to the Merger Agreement Innoviva will acquire all the outstanding shares of Entasis common stock for $2.20 per share in cash. As a result, Entasis will become an indirect wholly-owned subsidiary of Innoviva.

3.      On June 7, 2022, the Company filed an incomplete and materially misleading Recommendation Statement with the SEC (the "Recommendation Statement") in connection with the Proposed Transaction.  The Recommendation Statement omits material information concerning the Proposed Transaction.

4.      Accordingly, the failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as Entasis stockholders need such information in order to make a fully informed decision whether to tender their shares in support of the Proposed Transaction or seek appraisal.

5.      As set forth more fully herein, Plaintiff seeks to enjoin Defendants from proceeding with the Proposed Transaction.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 as Plaintiff alleges violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act

7.      This Court has personal jurisdiction over all of the Defendants because each is either a corporation that conducts business in, solicits shareholders in, and/or maintains operations within, this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.   In addition, the Company's common stock trades on the NASDAQ Global Select Market ("NASDAQ"), which is headquartered in this District.

### THE PARTIES

9.      Plaintiff has been the owner of the common stock of Entasis since prior to the transaction herein complained of and continuously to date.

10.     Defendant Entasis is a Delaware corporation with its principal executive offices located at 35 Gatehouse Drive, Waltham, Massachusetts 02451.  The Company's stock trades on the NASDAQ under the ticker "ETTX."

11.     Defendant David Meek ("Meek") is and has been the Chairman of the Company's Board at all times during the relevant time period.

12.     Defendant Manos Perros ("Perros") is and has been the Company's Chief Executive Officer and a director of the Company at all times during the relevant time period.

13.     Defendant Heather Berger ("Berger") is and has been a director of the Company at all times during the relevant time period.

14.    Defendant Heather Preston ("Preston") is and has been a director of the Company at all times during the relevant time period.

15.    Defendant David C. Hastings ("Hastings") is and has been a director of the Company at all times during the relevant time period.

16.    Defendant Howard Mayer ("Mayer") is and has been a director of the Company at all times during the relevant time period.

17.    Defendants Meek, Perros, Berger, Preston, Hastings, and Mayer are collectively referred to herein as the "Individual Defendants."

18.    Defendant Entasis, along with the Individual Defendants, are collectively referred to herein as "Defendants."

**SUBSTANTIVE ALLEGATIONS**

**<u>Background of the Company</u>**

19.    Entasis is an advanced late-stage clinical biopharmaceutical company focused on the discovery, development and commercialization of targeted antibacterial products that address high unmet medical needs to treat serious infections caused by multidrug-resistant pathogens. Entasis's pathogen-targeted design platform has produced a pipeline of product candidates, including SUL-DUR (targeting *Acinetobacter baumannii* infections), zoliflodacin (targeting *Neisseria gonorrhoeae* infections), ETX0282CPDP (targeting Enterobacterales infections) and ETX0462 (targeting Gram-negative infections including *Pseudomonas*).

**<u>The Company Announces the Proposed Transaction</u>**

20.    On May 23, 2022, Entasis issued a press release announcing that the Company had entered an agreement in connection with the Proposed Transaction. The press release stated, in pertinent part:

BURLINGAME, Calif. and WALTHAM, Mass., May 23, 2022 (GLOBE NEWSWIRE) -- Innoviva, Inc. (Nasdaq: INVA) ("Innoviva"), a diversified holding company with a portfolio of royalties and a growing portfolio of innovative healthcare assets, and Entasis Therapeutics Holdings Inc. (Nasdaq: ETTX) ("Entasis"), an advanced late-stage clinical biopharmaceutical company focused on the discovery and development of novel antibacterial products, today announced the companies have entered into a definitive merger agreement under which Innoviva is to acquire all of the outstanding shares of Entasis not already owned by Innoviva at a price of $2.20 per share in cash. Innoviva currently owns approximately 60% of the outstanding shares of Entasis common stock. The acquisition consideration values Entasis's equity at $113 million on a fully diluted basis. The transaction has been unanimously approved by the Innoviva and Entasis Boards of Directors.

"This acquisition will build upon our overall strategy to acquire differentiated, high-potential assets in attractive, yet often overlooked, disease areas where our capital and capabilities can make a difference," said Pavel Raifeld, Chief Executive Officer of Innoviva. "This transaction represents the next phase in our efforts to diversify our operations beyond our valuable royalty portfolio and will create significant value for patients, health systems and shareholders. We look forward to working with the Entasis team to advance sulbactam-durlobactam (SUL-DUR) and its broader novel antibacterial pipeline to address the urgent and serious threat posed by multidrug-resistant pathogens. Carbapenem-resistant *Acinetobacter* infections are an area of significant unmet medical need and, if approved by regulators, SUL-DUR could become the leading treatment for this disease."

"We are pleased that Innoviva recognizes the significant potential of our R&D pipeline and talented team, who have made great progress advancing our precision antibacterial programs to address serious unmet needs in treating multidrug-resistant Gram-negative infections," said Manos Perros, Chief Executive Officer of Entasis. "We believe that Innoviva is the ideal organization to maximize the value of our pipeline and accelerate our ability to bring novel antibacterial therapies to patients."

Established in 2015 as a spin-out from AstraZeneca, Entasis's unique pathogen-targeted approach has produced a robust clinical and pre-clinical pipeline of potential first- and best-in-class medicines for the treatment of multidrug-resistant Gram-negative bacteria, including lead asset SUL-DUR. In a Phase 3 registrational trial, SUL-DUR achieved all primary and secondary endpoints and a New Drug Application (NDA) is expected to be submitted to the U.S. Food and Drug Administration in the third quarter of 2022.

**Additional Transaction Details**

Innoviva has been a strategic investor in Entasis since 2020 and holds an equity stake of approximately 60% of the outstanding shares of Entasis common stock. Pursuant to the terms and subject to the conditions of the merger agreement, Innoviva has agreed to purchase all of the issued and outstanding equity securities of Entasis not currently owned by Innoviva via a tender offer, followed by a merger, for consideration of $2.20 per share payable in cash. This represents a 50% premium to Entasis's closing price of $1.47 per share on January 31, 2022, the last date before Innoviva's original bid became public.

The transaction, which is subject to customary closing conditions, is anticipated to close in the third quarter of 2022.

**Advisors**

Moelis & Company LLC is acting as financial advisor and Willkie Farr & Gallagher LLP is acting as legal counsel to Innoviva.

MTS Health Partners, L.P. is acting as financial advisor and Covington & Burling LLP is acting as a legal counsel to Entasis.

**FALSE AND MISLEADING STATEMENTS**
**AND/OR MATERIAL OMISSIONS IN THE RECOMMENDATION STATEMENT**

21.     On June 7, 2022, the Company authorized the filing of the Recommendation Statement with the SEC.  The Recommendation Statement recommends that the Company's stockholders tender their shares in favor of the Proposed Transaction.

22.     Defendants were obligated to carefully review the Recommendation Statement prior to its filing with the SEC and dissemination to the Company's unitholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Recommendation Statement misrepresent and/or omit material information that is necessary for the Company's shareholders to make informed decisions concerning whether to tender their shares in favor of the Proposed Transaction.

**Material False and Misleading Statements or Material**
**Misrepresentations or Omissions Regarding Managements Projections**

23.     The Recommendation Statement contains financial projections prepared by senior members of Entasis's management in connection with the Proposed Transaction, but fails to provide material information concerning such.

24.     The SEC has repeatedly emphasized that disclosure of non-GAAP projections can be inherently misleading, and has therefore heightened its scrutiny of the use of such projections.[1]  Indeed, on May 17, 2016, the SEC's Division of Corporation Finance released new and updated Compliance and Disclosure Interpretations ("C&DIs") on the use of non-GAAP financial measures that demonstrate the SEC's tightening policy.[2]  One of the new C&DIs regarding forward-looking information, such as financial projections, explicitly requires companies to provide any reconciling metrics that are available without unreasonable efforts.

25.     In order to make management's projections included in the Recommendation Statement materially complete and not misleading, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures.

26.     Disclosure of the above information is vital to provide investors with the complete mix of information necessary to make an informed decision when deciding whether to tender their shares in connection with the Proposed Transaction.

---

[1] *See, e.g.*, Nicolas Grabar and Sandra Flow, Non-GAAP Financial Measures: The SEC's Evolving Views, Harvard Law School Forum on Corporate Governance and Financial Regulation (June 24, 2016), *available at* https://corpgov.law.harvard.edu/2016/06/24/non-gaap-financial-measuresthesecs evolving-views/; Gretchen Morgenson, Fantasy Math Is Helping Companies Spin Losses Into Profits, N.Y. Times, Apr. 22, 2016, available at http://www.nytimes.com/2016/04/24/business/fantasy-mathis-helping-companies-spin-ossesinto-profits.html?_r=0.

[2] Non-GAAP Financial Measures, Compliance & Disclosure Interpretations, U.S. SECURITIES AND EXCHANGE COMMISSION (May 17, 2017), *available at* https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

**Material False and Misleading Statements or Material
Misrepresentations or Omissions Regarding the Financial Opinions**

27.     The Recommendation Statement contains the financial analyses and opinion of MTS Health Partners, L.P. ("MTS") concerning the Proposed Transaction but fails to provide material information concerning information concerning such.

28.     With respect to MTS's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (i) the inputs and assumptions underlying the weighted average cost of capital range of 18% to 20%; (ii) the inputs and assumptions underlying a revenue achievement factor range of 75% to 100%; (iii) the inputs and assumptions used for earnings, interest, taxes (including income tax expense), and changes in net working capital; and (iv) the utilized range of discount rates and the underlying inputs and assumptions used to determine those discount rates.

29.     With respect to MTS's *Public Trading Comparable Companies Analysis*, the Recommendation Statement fails to disclose the individual multiples and metrics for each of the companies observed in the analysis.

30.     With respect to MTS's *Precedent Transactions Analysis*, the Recommendation Statement fails to disclose the individual multiples and metrics for each of the transactions observed in the analysis.

31.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.  Moreover, the disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company and allows stockholders to

8

better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32.     Without the above described information, the Company's shareholders are not fully informed with respect to the Proposed Transaction.  Accordingly, in order to provide shareholders with a complete mix of information, the omitted information described above should be disclosed.

## COUNT I

### (Against All Defendants for Violations of Section 14(d)
### of the Exchange Act and Rule 14d-9 Promulgated Thereunder)

33.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

34.     Section 14(d)(4) of the Exchange Act and Rule 14d-9 promulgated thereunder makes it a requirement to make full and complete disclosure in connection with tender offers.

35.     As discussed herein, the Recommendation Statement, while soliciting shareholder support for the Proposed Transaction, misrepresent and/or omit material facts concerning the Proposed Transaction.

36.     Defendants prepared, reviewed, filed and disseminated the false and misleading Recommendation Statement to Entasis shareholders. In doing so, Defendants knew or recklessly disregarded that the Recommendation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

37.     The omissions and incomplete and misleading statements in the Recommendation Statement are material in that a reasonable shareholder would consider them important in deciding whether to tender their shares in favor of the Proposed Transaction. In addition, a

reasonable investor would view such information as altering the "total mix" of information made available to shareholders.

38.     By virtue of their positions within the Company and/or roles in the process and in the preparation of the Recommendation Statement, Defendants were undoubtedly aware of this information and had previously reviewed it, including participating in the Proposed Transaction negotiation and sales process and reviewing Entasis's financial advisor's complete financial analyses purportedly summarized in the Recommendation Statement.

39.     The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction.

40.     Entasis is deemed negligent as a result of the Individual Defendants' negligence in preparing and reviewing the Recommendation Statement.

41.     Defendants knew that Plaintiff and other shareholders would rely upon the Recommendation Statement in determining whether to tender their shares in favor of the Proposed Transaction.

42.     As a direct and proximate result of Defendants' unlawful course of conduct in violation of Section 14(d)(4) of the Exchange Act and Rule 14d-9 promulgated thereunder, absent injunctive relief from the Court, Plaintiff and other shareholders will suffer irreparable injury by being denied the opportunity to make an informed decision as to whether to tender their shares in favor of the Proposed Transaction.

43.     Plaintiff has no adequate remedy at law.

## COUNT II

### (Against All Defendants for Violation
### Of Section 14(e) of the Exchange Act)

44.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

45.    Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made false statements of material fact or failed to state all material facts that would be necessary to make the statements made, in light of the circumstances, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Proposed Transaction.

46.    Defendants knew that Plaintiff and the Company's shareholders would rely upon their statements made in the Recommendation Statement in determining whether to tender shares in favor of the Proposed Transaction.

47.    As a direct and proximate result of Defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff and other shareholders will suffer irreparable injury by being denied the opportunity to make an informed decision as to whether to tender their shares in favor of the Proposed Transaction.

## COUNT III

### (Against the Individual Defendants for
### Violations of Section 20(a) of the Exchange Act)

48.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

49.    The Individual Defendants acted as controlling persons of Entasis within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as

officers and/or directors of Entasis, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

50.     Each of the Individual Defendants were provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

51.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations alleged herein, and exercised the same. The Recommendation Statement contain the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

52.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons and the acts described herein, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.

53.     As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

54.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      Directing the Individual Defendants to disseminate an Amendment to the Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

C.      Directing Defendants to account to Plaintiff for their damages sustained because of the wrongs complained of herein;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: June 17, 2022                          Respectfully submitted,

                                              By:  /s/ Joshua M. Lifshitz
                                              Joshua M. Lifshitz
                                              Email: jml@jlclasslaw.com
                                              **LIFSHITZ LAW PLLC**
                                              1190 Broadway
                                              Hewlett, New York 11557
                                              Telephone: (516) 493-9780
                                              Facsimile: (516) 280-7376

                                              *Attorneys for Plaintiff*